Geeen, J.
delivered the opinion of the court.
The act of 1794, c. 1, § 19, authorises an attachment to issue upon oath being made “that any person hath removed, or is removing him or herself out of the county privately, or so. absconds or conceals him or herself, that the ordinary process of law cannot be served,” &c. Here several causes which will authorise the suing out of an attachment are stated. First; where a party “hath removed” out of the county privately; for the word privately, has reference to the first named cause “hath removed,” as well as to the subsequent one, “is removing.” Second; where the party “is removing” out of the county privately: and third: where he “so absconds” or “conceals himself that the ordinary process of law cannot be served upon him.” It is contended that “absconds” constitutes one cause, and “conceals” another. We do not think so. For although the two words are connected by “or” in stead of “and”, yet the sense of the sentence shows that or is used copulatively, constituting both “absconds” and “conceals,” or either of .them, a sufficient cause for suing out the attachment. 'In the nature of things, a plaintiff cannot tell whether a party absconds or conceals himself. He may suppose he absconds, when he only conceals himself, and vice versa. To compel him to swear that the party is doing the one only, would involve a plaintiff in endless difficulty. Besides the question of conscience that must always exist with the party about to take the oath, he would be constantly in danger of having his attachment abated on the plea of the defendant, who though he might not have absconded, was nevertheless concealed, or if not concealing himself, may have been absconding. We think therefore thatjhe words “so absconds or conceals himself” constitute but one cause.
*430 attachment, however, does not contain the statement of -either causes specified in the act of assembly. It says, “hath absconded or conceals himself from said county. ” If it were admitted that the words “hath absconded” were equivalent to the first cause stated in the act, “hath removed out of the county privately,” the statement of that fact would be of itself a distinct cause, and the addition of another cause would be fatal. But the latter expression “or conceals himself from” said county, contains the allegation of a fact, not stated in the act, and upon the existence of which the attachment is not authorised. It alleges he conceals himself from the county. This may be true, and yet he may be living very publicly in another county. In a proceeding of this sort, we cannot reject this statement as surplusage, and by retaining so much as the act authorised to be stated, make the attachment good. It is a proceeding in derogation of the common law, and must be pursued strictly or it is void.
The court erred in permitting the record of the judgment in favor of M’Gee vs. Daimwood to be read in evidence. The judgment will be reversed and the cause remanded for another trial.
Judgment reversed.